**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                    Case No.  6:03-cr-184-Orl-19GJK

**NICK ANZOIL BAUSSAN**
_____

### ORDER

This case comes before the Court on the Petition for Writ of Audita Querela filed by Nick Anzoil Baussan. (Doc. No. 87, filed Aug. 16, 2011.) In the Motion, Petitioner seeks "relief from the consequences of the judgment in light of a newly created right to be released from federal custody under a new and valid Novation Agreement between him and the United States Government." (*Id*. at 1.)

### Background

Petitioner and his co-defendant were charged by indictment with one count of armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d) (count one) and one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 2, 3 and (924)(c)(1)(A)(ii) (count two). (Doc. No. 1, filed Aug. 27, 2003.) On October 21, 2003, pursuant to a written plea agreement, Petitioner entered a plea of guilty to counts one and two at a change of plea hearing conducted by Magistrate Judge James G. Glazebrook. (Doc. No. 26, filed Oct. 21, 2003.) Magistrate Judge Glazebrook entered a report and recommendation that the plea be accepted and that sentence be imposed. (*Id*.) The Court subsequently adopted Magistrate Judge Glazebrook's report and recommendation and adjudged Petitioner guilty as charged. (Doc. No. 35, filed Oct. 28, 2003.) On January 26, 2004, the Court conducted a sentencing hearing and imposed a fifty-one month term of

imprisonment for count one and an eighty-four month term of imprisonment for count two, to be served consecutively, followed by three years of supervised release. (Doc. No 46, filed Jan. 26, 2004.)

Petitioner appealed his sentence. (Doc. No. 52, filed Jan. 28, 2004.) On December 3, 2004, the Eleventh Circuit Court of Appeals dismissed the appeal in light of the valid appeal waiver contained in Petitioner's plea agreement. (Doc. No. 66.) In response, Petitioner filed a petition for *writ of certiorari* with the United States Supreme Court. The Supreme Court subsequently granted the petition and remanded the case to the Eleventh Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Baussan v. United States*, 545 U.S. 1137 (2005). On remand, the Eleventh Circuit dismissed Petitioner's appeal, holding that *Booker* did not alter the effect of Petitioner's appeal waiver. (Doc. No. 67.) Following the Eleventh Circuit's dismissal, Petitioner filed a second petition for *writ of certiorari* with the United States Supreme Court which was denied on November 28, 2005. *See Baussan v. United States*, 546 U.S. 1053 (2005).

Petitioner next filed a motion, amended motion, and second amended motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner's motions were denied on April 2, 2007. (Doc. No. 78.) On May 8, 2009, Petitioner filed a fourth motion to vacate under 28 U.S.C. § 2255, (Doc. No. 82), which was denied as successive. (Doc. No. 83, filed June 8, 2009.)

On August 16, 2011, Petitioner filed the present Petition for Writ of Audita Querela. (Doc. No. 87.) In the Motion, Petitioner argues for release from prison in light of the Government's acceptance of a "Novation Agreement" discharging Petitioner's penal obligations. (*Id*. at 3.)

**Standard of Review**

The issuance of a writ pursuant to the All Writs Act, 28 U.S.C. § 1651, is a matter within a court's sound discretion. *Paramount Film Distrib. Corp. v. Civic Center Theatre, Inc.*, 333 F.2d 358, 360 (10th Cir. 1964); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir.2004) (reviewing a district court's decision under the All Writs Act for abuse of discretion). However, if a court is able to effect a full and complete resolution of the issues before it without resorting to the extraordinary measures contemplated under the All Writs Act, then such measures cannot be employed. *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978).

**Analysis**

In the present Motion, Petitioner maintains that the Court may, pursuant to 28 U.S.C. § 1651(a), issue a writ of *audita querela* releasing Petitioner from federal custody in light of a new, binding, and enforceable contract between Petitioner and the Government that discharged Petitioner's penal obligations. (Doc. No. 87 at 1, 10.) Petitioner's argument is without merit.

"*Audita querela*," Latin for "the complaint having been heard," was an ancient writ used to attack the enforcement of a judgment after it was rendered. *Holt v. United States*, 417 F.3d 1172, 1174 (11th Cir. 2005) (citing Black's Law Dictionary 126 (7th ed. 1999)). The common law writ of *audita querela* was typically employed by a judgment debtor in a civil case against the execution of a judgment because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution. *Id*. However, the extent to which the writ of *audita querela* applies in federal criminal cases is unclear. *Id.*; *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (doubting that the writ of *audita querela* is ever appropriate in federal criminal cases); *see also* Fed. R. Civ. P. 60(e) (abolishing the writ of *audita querela* in civil cases). In any case, even assuming the

writ of *audita querela* did apply in federal criminal cases, as discussed below, the issuance of such a writ would not be appropriate in the present case.

Several Circuit Courts of Appeals have held that a writ of *audita querela* may only be issued where there is a legal defect in a sentence, as opposed to mere equitable grounds for relief. *See Doe v. INS*, 120 F.3d 200, 204-05 (9th Cir. 1997); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992); *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991); *United States v. Ayala*, 894 F.2d 425, 429 (D.C. Cir. 1990). Petitioner does not cite, and the Court has not found, any Circuit Court of Appeals decision adopting a contrary position. Moreover, Petitioner maintains that he is entitled to a writ of *audita querela* under this standard, arguing that he has raised a "legal objection not cognizable under the existing scheme of post-conviction remedies." (Doc. No. 87 at 1.) Accordingly, the Court will proceed to analyze Petitioner request for relief under this standard.[1] *See United States v. Abel*, No. 6:91-cr-35-Orl-19, 2010 WL 883816, at *3 (M.D. Fla. Mar. 8, 2010); *United States v. Ohaegbu*, No. 6:92-cr-35-Orl-19, 2010 WL 3002181, at *3 (M.D. Fla. July 28, 2010).

In the present case, Petitioner has not identified a legal defect in his sentence. While Petitioner contends that by failing to respond to his Notice of Offer for Novation of Obligation, the Government accepted the proposed "Novation Agreement" discharging Petitioner's penal obligations, Petitioner's argument is fundamentally flawed. Criminal sentences are not civil contracts between the Government and a defendant, and criminal sentences are not subject to civil contract principles

---

[1] Although some district courts have permitted a writ of *audita querela* to be issued on purely equitable grounds, particularly in the context of immigration law, the cases adopting this standard have been superceded by the circuit court cases referenced above. Moreover, Petitioner has neither argued for relief under this standard nor presented equitable grounds for relief.

such as novation. *United States v. Fidelity Investments*, No. 3:08-cv-1211-J-34TEM, 2009 WL 1748535, at *5 (M.D. Fla. June 9, 2009) ("Plaintiff's attempt to redefine a criminal sentence imposed as a penalty for criminal wrongdoing as a contract between himself and the United States simply fails on its face. The imposition of a criminal sentence is not a contract."); *United States v. Wood*, No. 00-cr-273-2, 2007 WL 1488933, at *1 (E.D. Pa. May 18, 2007) (rejecting defendant's petition seeking relief from the monetary portion of his sentence by characterizing the sentence as a contract, holding that "no part of petitioner's criminal sentence, is, or ever was, a contract"). Thus, Petitioner's criminal sentence is not a civil contract and is not subject to discharge in light of a "Novation Agreement."

In sum, even assuming the writ of *audita querela* applied to federal criminal cases, Petitioner failed to set forth sufficient grounds for the issuance of such a writ.

## Conclusion

Based on the forgoing, the Petition for Writ of Audita Querela by Nick Anzoil Baussan, (Doc. No. 87, filed Aug. 16, 2011), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this __24th_____ day of August, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Nick Anzoil Baussan